Dale R. Jensen (VSB 71109)
Dale Jensen, PLC
606 Bull Run
Staunton, VA  24401
(434) 249-3874
(866) 372-0348 facsimile
djensen@dalejensenlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINA
## ALEXANDRIA DIVISION

| | |
|---|---|
| SHENZHEN STREET CAT TECHNOLOGY CO., LTD., a Chinese limited company, and SHENZHEN XINYISHENG TECHNOLOGY CO., LTD., a Chinese limited company, | Case No.: 1:22-cv-241 |
| | **COMPLAINT FOR DAMAGES AND FOR DECLARATORY JUDGEMENT** |
| Plaintiffs, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| SHENZHEN YILIAN YOUCHUANG NETWORK CO., LTD., a Chinese limited company. | |
| Defendant. | |

COMES NOW, Plaintiff Shenzhen Street Cat Technology Co., Ltd. ("Ocoopa") and Plaintiff Shenzhen Xinyisheng Technology Co., Ltd. ("Aptoo") (collectively herein, "Plaintiffs") by and through their counsel, seek declaratory judgment, among other things, against Defendant SHENZHEN YILIAN YOUCHUANG NETWORK CO., LTD., ("Defendant"), and alleges based on the information and belief as follows:

PAGE **1** OF **23**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**NATURE OF ACTION**

1.      This is an action for Declaratory Judgment for non-infringement, invalidity and unenforceability of Defendants' U.S. Patent Number 10,939,504 (the "504" Patent), and for damages resulting from Federal Unfair Competition under Lanham Act Section 43(a), 15 U.S.C § 1125, common law Tortious Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, and Unjust Enrichment. Plaintiff seeks declaratory relief, actual damages, an award of attorney's fees and costs, and any other relief that the Court deems just and proper.

2.      A true copy of the '504 Patent is attached hereto as Exhibit 1.

**THE PARTIES**

3.      Plaintiff SHENZHEN STREET CAT TECHNOLOGY CO., LTD., is a limited company organized under the laws of China with its principal place of business at F1, Bldg. 38, Xinmu Xinyuan Industrial Park, Pinghu Street, Longgang District, Shenzhen, China.

4.      Plaintiff SHENZHEN XINYISHENG TECHNOLOGY CO., LTD., is a limited company organized under the laws of China with its principal place of business at B-3211 Liwan Business Apartment, Xinghai Avenue, Nanshan District, Shenzhen, Guangdong, China.

5.      On information and belief, SHENZHEN YILIAN YOUCHUANG NETWORK CO., LTD., ("Defendant") is a company organized and existing under the laws of China. On information and belief, Shenzhen's principal place of business at Room 301 A, Building A, Yide Industrial Factory, Fukang Community, Longhua St., Longhua District, Shenzhen, China.

**JURISDICTION AND VENUE**

6.     This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction), 1332 (Diversity Jurisdiction), and 1338 (action arising under an Act of Congress relating to patents). This action is also brought under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

7.     Jurisdiction is proper as the claim arises under federal law and Defendant, being an entity with its domicile and primary place of business in China, is not subject to any state court's general jurisdiction. Exercising jurisdiction is consistent with the United States Constitution and laws as Defendant enforces its rights in the United States, knowingly attempts to license and/or actually licenses its patent to businesses in the United States, and actively participates in neutral patent evaluation procedures through Amazon within the United States.

8.     The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

9.     Venue is proper in this action under 28 U.S.C. § 1391 because Defendant does business within the state of Virginia, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendant is subject to personal jurisdiction in this District.

10.    Virginia contains multiple large Amazon fulfillment centers, which would distribute Plaintiffs' products across the state. Therefore, Defendant's claim of infringement includes transactions that happen on a regular basis within Virginia's jurisdiction.

11.     Defendant transacted and conducted business in this judicial district, purposefully availing itself of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendant maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendant directly and/or through intermediaries or licensees, offers for sale, sells, and advertises its products that are pertinent to this action within this district.

12.     For the '504 Patent, there is no filed designation with a person designated under 35 U.S.C. § 293. Therefore, jurisdiction and venue are proper in this district pursuant to 35 U.S.C. § 293.

## BACKGROUND FACTS

13.     Plaintiffs Ocoopa and Aptoo are Amazon sellers.

14.     Ocoopa maintains a storefront with Amazon.  Ocoopa's Amazon Seller ID is A3280U0Q46DDR2. Ocoopa sells a variety of products including, but not limited to, portable hand warmers, desk lamps, beach accessories such as blankets, beach mats, etc.  Amazon.com is the primary sales channel through which Ocoopa sells its products.

15.     Since its formation, over 95% of Ocoopa's revenue has come from sales made on Amazon.com.

16.     Aptoo maintains a storefront with Amazon. Aptoo's Amazon Seller ID is A131IXJCZSX7C4.  Aptoo sells a variety of products including, but not limited to, portable hand warmers, dog accessories including leashes, beach accessories such as blankets, beach mats, umbrellas, etc.  Amazon.com is the primary sales channel through which Aptoo sells its products.

17.     Since its formation 100% of Aptoo's revenue has come from sales made on Amazon.com.

18.     Defendant Shenzhen Yilian Youchuang Network Co., LTD., filed U.S. patent application number 16/778,185 on January 31, 2020.  The application matured into US Patent No. 10,939,504 B1 (the "'504" Patent").  The '504 Patent was issued on March 2, 2021.  See Exhibit 1.

19.     The prosecution history shows that the application for the '504 Patent claimed the priority of Chinese Patent Application No. 201911144220.0, which was filed on November 20, 2019.  The earliest priority date for the '504 Patent is November 20, 2019.  *Id.*

20.     The '504 Patent is a utility patent.  It is entitled "Hand Warmer with the Function of Portable Power Source".  The patent discloses a hand warmer with the function of portable power source.

21.     On information and belief, Defendant may be planning to sell products at Amazon store front.

22.     Ocoopa and Aptoo desired to and did sell Portable Rechargeable Hand Warmers ("Hand Warmer") on Amazon.com.  Plaintiffs sell two versions of the Hand Warmer.  The internal mechanisms of each version are identical.  The only differences between the two versions pertain to battery capacity and/or number of charging ports.  Neither the battery capacity nor the number of charging ports are aspects of the '504 Patent. The hand warmers sold by Plaintiffs include variations in color and product size.

23.     Ocoopa first offered Hand Warmers for sale on Amazon.com on September 6, 2018.  Specifically, on September 6, 2018, Amazon Services emailed Plaintiff Ocoopa advising that the following Ocoopa Hand Warmer product would be available for purchase

within minutes of the email: Ocoopa Electric Hand Warmer, 5200mAh Rechargeable Hand Warmers, Portable Pocket Warmer, as Power Bank, Blue.    The Amazon Standard Identification Number ("ASIN") for the product identified in the Amazon email is B07H3MKM8K.  A copy of the September 6, 2018 email from Amazon is attached as Exhibit 2.

24.    Below is an image of the Ocoopa Portable Hand Warmer ASIN B07H3MKM8K taken from the Amazon website: (https://www.amazon.com/OCOOPA-Warmers-Rechargeable-Portable-

Electric/dp/B07H3MKM8K/ref=cm_cr_arp_d_pl_foot_top?ie=UTF8&th=1).



25.    Aptoo has sold, continues to sell and offered for sale versions of the Hand Warmers on Amazon.com that Defendant has frivolously claimed infringement on the '504 Patent claims.  The different versions reflect product variations such as color and product size.

26.     Defendant's claimed infringement of the '504 Patent claims, as a utility patent, rests solely on the structural components.

27.     On or about November 19, 2021, Defendant initiated an Amazon Neutral Patent Evaluation ("Ocoopa 2021 NPE") against Ocoopa, and others, listing the following twelve ASINs:  B07XYWT8L5,  B08Q3MKNF2,  B08HHL8YJR,  B08DJ5B94G,  B09C6Q5FL4, B082YW8755,  B07YC8CVWV,  B07J45G5BQ,  B08DJ3BCTP,  B07FLBRVV3, B07YBYXRRC and B08HYMPP55.  See Ocoopa 2021 NPE attached as Exhibit 3.

28.     Of the above ASINs identified in the Ocoopa 2021 NPE, only the following were related versions of the Hand Warmer sold by Ocoopa: B07XYWT8L5, B08DJ5B94G, B08DJ3BCTP, and B07YC8CVWV.  The remaining ASINs in the Ocoopa 2021 NPE did not relate to any Ocoopa products.

29.     Although Ocoopa should have received notice of the Ocoopa 2021 NPE, Ocoopa did not in fact become aware of the Ocoopa 2021 NPE until after the deadline for Amazon to make a decision regarding delisting of Ocoopa's ASINs B07XYWT8L5, B08DJ5B94G, B08DJ3BCTP, and B07YC8CVWV had passed.

30.     Even though Defendant, through counsel, was in direct contact with counsel for Ocoopa regarding alleged infringement prior to the initiation of the Ocoopa 2021 NPE, Defendant did not provide any notice to Ocoopa that a Neutral Patent Evaluation was, or had, been initiated against Ocoopa.

31.     Defendant's failure to advise Ocoopa of the 2021 NPE, despite being engaged in ongoing discussions with Ocoopa, was a deliberate tactic to obtain the remedy of delisting of Ocoopa's products from Amazon without allowing Ocoopa to contest the same.

32.     As a result of the Ocoopa 2021 NPE, Amazon delisted the following Ocoopa ASIN products on December 28, 2021: B07XYWT8L5, B08DJ5B94G, B08DJ3BCTP, and B07YC8CVWV.

33.     On or about January 7, 2022, Defendant initiated another Amazon Neutral Patent Evaluation against Ocoopa ("Ocoopa 2022 NPE") (See Exhibit 4) and against Aptoo ("Aptoo 2022 NPE"). (See Exhibit 5).  The 2022 NPEs for both Plaintiffs related to the following nine ASINs:    B08PT5FS64,  B08K8FYX64,  B09BNCB63P,  B08K4P66ZH, B09JWJ9GW9, B09BNKVLNN, B08V9HQ3HW, B09LYNWNJG and B08R25ZRZK.

34.     On January 21, 2022, Ocoopa's General Manager, Zeda Hu, identified the following ASINs for which Ocoopa would participate in the Ocoopa 2022 NPE: B08PT5FS64 and B09BNCB63P.  None of the other ASINs pertained to Ocoopa products.

35.     On January 21, 2022, Aptoo's General Manager, Xiangyue Nie, identified the following ASINs for which Aptoo would participate in the NPE: B08K8FYX64, B08K4P66ZH and B09BNKVLNN.  None of the other ASINs pertained to Aptoo products.

36.     The products identified in Ocoopa 2021 NPE are structurally identical to the products included in the 2022 NPEs for Ocoopa and Aptoo.  The only differences between the products are that those identified in the 2021 NPE have a difference in battery capacity and/or number of charging ports than those identified in the 2022 NPEs.  Neither the battery capacity nor the number of charging ports are aspects of the '504 Patent.

37.     There is no infringement of the '504 Patent by Plaintiffs' products.  Ocoopa's Hand Warmer has one button, being a button/heating switch that is used to control the heating sheet to enter a heating mode or to adjust the temperature. Claim 1 of the '504 Patent claims two buttons, namely, a pin button and a mobile power supply button. Ex. 1.  Ocoopa's product

does not have the two buttons as claimed in the '504 Patent and therefore does not infringe upon claims of '504 Patent.

38.     Ocoopa's sales of the Hand Warmers that have been alleged to be infringing the '504 Patent predate the earliest priority date of the '504 Patent.  The earliest priority date for '504 Patent is November 20, 2019. Any disclosure prior to November 20, 2019, serves as a prior art to the '504 Patent.  Prior art, such as the Hand Warmer products sold on Amazon by Ocoopa, and by extension Aptoo, is used to invalidate '504 Patent claims under 35 U.S.C. 102 and 35 U.S.C. 103.

39.     Ocoopa first offered Hand Warmers for sale on Amazon.com on September 6, 2018. Ocoopa's sales of the allegedly infringing Hand Warmers began over a year prior to the November 20, 2019, effective filing date of the '504 Patent. Ex. 2.  Since Ocoopa sold the Hand Warmers more than one year to the effective filing date of the '504 Patent, Ocoopa has the prior use right regardless of whether there is infringement or not and regardless if '504 patent is invalid or not.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

40.     Plaintiffs hereby realleges and incorporates paragraphs 1-39 as if fully set forth herein.

41.     Ocoopa's allegedly infringing products have been offered for sale or sold since September 6, 2018.  Ex. 2.

42.     The Hand Warmers sold by Plaintiffs contain design differences that are sufficiently different from the claims in the '504 Patent to make Plaintiffs' products non-infringing in their design.  Specifically, the Hand Warmers sold by Plaintiffs are structurally

identical with each other.  The only differences between Ocoopa's and Aptoo's products are that those identified in the Ocoopa 2021 NPE include a difference in battery capacity and/or number of charging ports than those Hand Warmer versions identified in the Ocoopa 2022 NPE and the Aptoo 2022 NPE.  Neither the battery capacity nor the number of charging ports are aspects of the '504 Patent.

43.    The '504 Patent consists of six claims, with Claim 1 being the only independent claim and Claims 2-6 all being dependent claims.  Ex. 1.

44.    Ocoopa's and Aptoo's products only have one button, being a button/heating switch that is used to control the heating sheet to enter a heating mode or to adjust the temperature. Claim 1 of the '504 Patent claims two buttons, namely, a pin button and a mobile power supply button. Therefore, Ocoopa's and Aptoo's products do not have the two buttons as claimed in the '504 Patent and since one of the claim elements of claim 1 of '504 Patent does not exist in Ocoopa's and Aptoo's products, Ocoopa's and Aptoo's products does not infringe upon the claims of '504 Patent.

45.    Ocoopa's and Aptoo's button/heating switch only control the heating sheet rather than controlling both the heating plate and a mobile power supply at the same time as disclosed in Claim 1. Therefore, even under the broadest interpretation, there is no infringement.

46.    Claims 2-6 of the '504 Patent are all dependent claims. As there is no infringement of Claim 1 as the only independent claim, there is no infringement of any of the dependent claims.

47.    Ocoopa's sales of the Hand Warmers that have been alleged to be infringing the '504 Patent predates Defendant's claimed priority rights of the '504 Patent.  Ex. 2.  The

priority date of '504 Patent is November 20, 2019. Any disclosure that was made public prior to November 20, 2019, serves as prior art against '504 Patent.  Prior art, such as the Hand Warmer products sold on Amazon by Ocoopa, and by extension Aptoo, before the priority date of '504 Patent can be used to invalidate '504 Patent under 35 U.S.C. 102 and 35 U.S.C. 103.

48.     Ocoopa's sales of the allegedly infringing Hand Warmers began over a year prior to November 20, 2019, effective filing date of the '504 Patent. *Id.* Ocoopa's sales of the Hand Warmers on Amazon.com began on September 6, 2018. Ocoopa sold the Hand Warmers more than one year to the effective date of the '504 Patent, Ocoopa, and by extension Aptoo, has the prior use right under 35 U.S.C. 273, regardless of whether Ocoopa's and Aptoo's products infringe upon the claims of '504 Patent or not.

49.     Plaintiffs are entitled to such declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., in the form of a judgment, that Plaintiffs' products  have not infringed and are not infringing upon any valid and enforceable claim of the '504 Patent, have not contributed to and are not contributing to infringement of the any claim of '504 Patent, and have not induced and are not inducing infringement upon any claim of '504 Patent. Such a determination is appropriate at this time.

## SECOND CLAIM

### (Declaratory Judgment of Invalidity)

50.     Plaintiffs hereby realleges and incorporates paragraphs 1-39 as if fully set forth herein.

51.     On information and belief, the allegedly infringing Hand Warmers were described in printed publications in this country, were in public use, and were on sale in this country for at least one year prior to the priority date of '504 Patent which is the filing date of

Chinese Patent Application No. 201911144220.0 where '504 patent claimed priority from. Ex. 2.

52.      Ocoopa's allegedly infringing products have been offered for sale or sold since September 6, 2018.  *Id.*

53.      Ocoopa's sales date of hand warmer products is September 6, 2018, which is earlier than the priority date of '504 Patent which is November 20, 2019.  *Id.*  Any disclosure prior to November 20, 2019, serves as a prior art against '504 Patent.  Prior art, such as the Hand Warmer products sold on Amazon by Ocoopa, and by extension Aptoo, is used to invalidate the claims of '504 Patent under 35 U.S.C. Section 102 and 35 U.S.C. Section 103.

54.      Ocoopa's sales of the allegedly infringing Hand Warmers began over a year prior to November 20, 2019, effective filing date of the '504 Patent. Ocoopa's sales of the Hand Warmers on Amazon.com began on September 6, 2018. *Id.* Since Ocoopa sold the Hand Warmers more than one year before the effective filing date of '504 Patent, Ocoopa, and by extension Aptoo, has the prior use right under 35 U.S.C. Section 273 regardless of whether there is an infringement or not.

55.      Plaintiffs are informed and believe, and on that basis allege, that the '504 Patent claims are invalid due to material prior art.

56.      Plaintiffs are informed and believe, and on that basis allege, that the '504 Patent is invalid for being obvious.

57.      Patent No. CN 205017025 U ("the '025 Patent") from February 3, 2016, discloses all of the claim elements of Claim 1 from the '504 Patent except that it does not mention that the battery is a lithium battery.  A copy of the '025 Patent is attached as Exhibit 6.

58.     Patent No. CN 207506684 U ("the '684'") from June 19, 2018, suggests using a lithium battery.  A copy of the '684 Patent is attached as Exhibit 7.

59.     A person having ordinary skill in the art would have found it obvious to use a lithium battery in the '025 Patent in order to achieve the predictable result of a lightweight, high power density battery for use in a portable MCU controlled warming device.

60.     Furthermore, the '025 Patent provides that an ACT 2802 chip is used. According to the ACT2802 datasheet, the ACT 2802 chip provides for a pin button. Creating a firmware in the chip (an algorithm) for monitoring the pin to determine how long the pin is pressed and determining the temperature set based on the sequence of pressing or the length of pressing is a simple design choice and would produce the predictable result of adjustability of the supplied power to the heating element and can easily be done by someone having ordinary skill in the art that knows how to use microprocessors and how to program firmware to perform this function.

61.     Plaintiffs are informed and believe, and on that basis allege, that the '504 Patent claims are unenforceable due to Defendants' inequitable conduct upon the United States Patent Office in intentionally concealing Plaintiffs' products and other known prior art from the Patent Office in order to wrongfully obtain the '504 Patent.

62.     Plaintiffs are entitled to such declaratory relief pursuant to Federal Ru1e of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., in the form of a judgment, that '504 Patent is invalid. Such a determination is appropriate at this time.

### THIRD CLAIM

**(Federal False Description – Lanham Act Section 43(a), 15 U.S.C § 1125)**

63.     Plaintiffs hereby realleges and incorporates paragraphs 1-39 as if fully set forth herein.

64.     Defendant engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith representing to Amazon that Plaintiffs' Hand Warmers infringed the '504 Patent despite knowing that the '504 Patent was invalid, unenforceable, and/or not infringed by Plaintiffs' Hand Warmers which were on public sale prior to the earliest priority date of '504 Patent.

65.     Amazon was actually deceived by Defendant's bad faith representations of infringement and the deception actually did influence purchasing decisions in that it caused Amazon to delist the following Ocoopa ASIN products on December 28, 2021: B07XYWT8L5, B08DJ5B94G, B08DJ3BCTP, and B07YC8CVWV.

66.     Ocoopa's delisted products became unavailable to purchase on Amazon which is a primary national marketplace for interstate commerce. Therefore, Defendant caused, directed, and intended that the false statement enter and go through interstate commerce to Amazon in order to harm Ocoopa's business.

67.     Defendant intended for Ocoopa's listings to be removed in order to limit, or eliminate entirely, Defendant's competition on Amazon.

68.     On or about January 7, 2022, Defendant initiated an Amazon Neutral Patent Evaluation against Ocoopa, Ex. 4; and Aptoo, Ex. 5.  The Amazon Neutral Patent Evaluations for both Plaintiffs identified the following nine ASINs: B08PT5FS64, B08K8FYX64, B09BNCB63P, B08K4P66ZH, B09JWJ9GW9, B09BNKVLNN, B08V9HQ3HW, B09LYNWNJG and B08R25ZRZK.

69.     On January 21, 2022, Ocoopa's General Manager, Zeda Hu, identified the following ASINs for which Ocoopa would participate in the Ocoopa 2022 NPE: B08PT5FS64 and B09BNCB63P.  None of the other ASINs pertained to Ocoopa products.  Ex. 4.

70.     On January 21, 2022, Aptoo's General Manager, Xiangyue Nie, identified the following ASINs for which Aptoo would participate in the NPE: B08K8FYX64, B08K4P66ZH and B09BNKVLNN.  None of the other ASINs pertained to Aptoo products. Ex. 5.

71.     Defendant's frivolous and spurious infringement complaints against Plaintiffs in Defendant's initiation of the January 7, 2022 Amazon Neutral Patent Evaluation against Ocoopa and Aptoo demonstrate Defendant's continued engagement in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith representing to Amazon that Plaintiffs' Hand Warmers infringed the '504 Patent despite knowing that the '504 Patent is invalid, unenforceable, and/or not infringed by Plaintiffs' Hand Warmers which were on public sale prior to the earliest priority date of the '504 Patent.

72.     As a result of Defendant's bad faith representations Ocoopa has suffered direct injury to its profits, products, sale rankings, reviews and reputation. Ocoopa is entitled to damages in an amount to be proven at trial including reasonable attorneys' fees and costs.

73.     As a result of Defendant's bad faith representations, Ocoopa and Aptoo face the immediate prospect of having their products delisted which would result, as intended by Defendant, in direct injury to Plaintiffs' profits, products, sale rankings, reviews and reputation. Plaintiffs are entitled to damages in an amount to be proven at trial including reasonable attorneys' fees and costs.

74.     Plaintiffs are also entitled to immediate injunctive relief in order to preserve the status quo and prevent Defendant's baseless and malicious efforts to have Amazon delist Plaintiffs' Hand Warmers.

### FOURTH CLAIM

### (Common Law Tortious Interference with Contractual Relations)

75.     Plaintiffs hereby realleges and incorporates paragraphs 1-39 as if fully set forth herein.

76.     Ocoopa has a valid and existing contract with Amazon in order to sell their Hand Warmer products at issue listed under ASIN B07XYWT8L5, B08DJ5B94G, B08DJ3BCTP, B07YC8CVWV, B08PT5FS64, and B09BNCB63P through Amazon.com.

77.     Aptoo has a valid and existing contract with Amazon in order to sell their Hand Warmer products at issue listed under ASIN B08K8FYX64, B08K4P66ZH and B09BNKVLNN

 through Amazon.com.

78.     Plaintiffs are informed and believe, and on that basis allege, that Defendant knew of Plaintiffs' contractual relationships with the Amazon.

79.     Plaintiffs are informed and believe, and on that basis allege, that Defendant intentionally interfered with those contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against Plaintiffs in order to have Plaintiffs' listings removed and eliminate Plaintiffs' lawful competition.

80.     As a result of Defendant's improper acts Ocoopa's listings were removed from Amazon.

81.     Defendant continues its efforts to harm Plaintiffs through its frivolous and spurious infringement complaints against Plaintiffs by claiming their Hand Warmers infringed upon the claims of '504 Patent despite knowing that the '504 Patent was invalid, unenforceable, and/or not infringed by Plaintiffs Hand Warmers which were on public sale prior to the earliest priority date of the '504 Patent.

82.     Plaintiffs have suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

83.     Defendant's efforts to have Plaintiffs' Hand Warmers delisted (successful as to Ocoopa with respect to the Ocoopa 2021 NPE) through improper means was and is unlawful, fraudulent and based on fraudulent activity before a Federal agency.

84.     By reason of Defendant's acts Plaintiffs are entitled to equitable remedies and damages in an amount to be proven at trial.

## FIFTH CLAIM

### (Intentional Interference with Prospective Economic Advantage)

85.     Plaintiffs hereby realleges and incorporates paragraphs 1-39 as if fully set forth herein.

86.     Ocoopa's ongoing business relationship with Amazon included the selling of Hand Warmers now delisted as a result of Defendant's frivolous and spurious infringement complaint; i.e., ASIN B07XYWT8L5, B08DJ5B94G, B08DJ3BCTP, and B07YC8CVWV.

87.     Ocoopa's ongoing business relationship with Amazon includes the current sale of Hand Warmers which Defendant's claims are infringing, i.e., ASIN B08PT5FS64 and B09BNCB63P.

88.     Aptoo's ongoing business relationship with Amazon includes the current sale of Hand Warmers which Defendant's claims are infringing, i.e., B08K8FYX64, B08K4P66ZH and B09BNKVLNN.

89.     Defendant had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Plaintiffs and Amazon regarding Plaintiffs' allegedly infringing products.

90.     Defendant intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to remove four Ocoopa's Hand Warmer listings, thus denying the future and ongoing business relationship between Ocoopa and Acoopa with Amazon.

91.     Defendant knew that the removal of Ocoopa's product listings would harm Ocoopa's business and would benefit Defendant due to it having less competition. Defendant intended to harm Ocoopa by fraudulently convincing Amazon to remove Ocoopa's product listings.

92.     Defendant, through the Ocoopa 2022 NPE and Aptoo 2022 NPE, initiated willful and fraudulent efforts to harm Plaintiffs, diminish Plaintiffs' Amazon sales, rankings, review, reputation, goodwill, and standing in the Hand Warmer market.

93.     Defendant knows that the removal of Ocoopa and Aptoo's product listings would harm Ocoopa and Aptoo's businesses and would benefit Defendant due to it having less competition. Defendant intended to harm Ocoopa and Aptoo by fraudulently initiating infringement complaints with Amazon against Ocoopa and Aptoo in the effort to convince Amazon to remove Ocoopa and Aptoo's product listings.

94.     Defendant has no privilege or justification in interfering with Plaintiffs' relationships with Amazon.

95.     As a result of Defendant's interference with Ocoopa and Aptoo's ongoing and future relationship with Amazon, Ocoopa and Aptoo has incurred damages and will continue to incur damages.

96.     Damages incurred, and to be incurred by Ocoopa, include fees and costs associated with Amazon product storage fees.   The four ASINs delisted by Amazon, B07XYWT8L5, B08DJ5B94G, B08DJ3BCTP, and B07YC8CVWV, reflect 24,249 units existing inventory stored by Amazon.   Fulfillment by Amazon ("FBA") charges a monthly storage fee to sellers.   The fee to store the 24,249 units reflected by the above ASINs is approximately $360.00 a month for 24,249 units.   There is a fee associated with removing products stored by Amazon.   The removal fee for the delisted Hand Warmers (24,249 units) will be $18,255.   There is a cost associated with restocking Amazon warehouse with previously removed product.   The cost to resupply the Hand Warmers to FBA for the 24,249 units is approximately $36,510.

97.     Damages incurred, and to be incurred by Ocoopa, include fees and costs associated with Ocoopa's Hand Warmers and transportation. The cost of the delisted products and costs for transportation of the same is approximately $392,580, and due to the delisting, there is an immediate and ongoing detrimental impact on Ocoopa's ability to conduct business, remain profitable, and has damaged Ocoopa products' rankings and reviews, and has resulted in a loss of Ocoopa's goodwill and reputation on the Amazon marketplace.   The damage to Ocoopa should its products continue to be delisted as a result of Defendant's frivolous complaints against Ocoopa is incalculable and irreparable.

98.     The damages to Aptoo should its products be delisted as a result of Defendant's frivolous complaint against Aptoo will result in the incurring removal fees, transport fees, and fees associated with transportation of the delisted products.

99.     The delisting of Aptoo's ASINs would result in an immediate and ongoing detrimental impact on Aptoo's ability to conduct business, remain profitable, and damage Aptoo's products' rankings and reviews, loss of Aptoo's goodwill and reputation on the Amazon marketplace.  The damage to Aptoo should its products continue to be delisted as a result of Defendant's frivolous complaints against Aptoo is incalculable and irreparable.

100.    By reason of the foregoing, Plaintiffs have suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

### SIXTH CLAIM

### (Unjust Enrichment)

101.    Plaintiffs hereby realleges and incorporates paragraphs 1-39 as if fully set forth herein.

102.    As a result of Defendant's actions as stated herein Defendant has been unjustly enriched and, at the same time, is causing a loss of revenue to Ocoopa to Ocoopa's detriment.

103.    Defendant is currently engaged in efforts to further damage Ocoopa, and Aptoo, by fraudulently asserting infringement claims against Plaintiffs so as to reduce their ability to compete with Defendant.

104.    Defendant has accepted and retained the benefit of the unjust enrichment from its wrongful conduct.

105.    There is no express, written contract between Plaintiffs and Defendant that would allow for Defendant to retain the benefit of the unjust enrichment from its wrongful conduct as described herein.

106.    Ocoopa and Aptoo are entitled to recover from the Defendant its unjust enrichment including gains, profits, and advantages it has obtained as a result of Defendant's wrongful conduct.  Ocoopa and Aptoo are at present are unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of Defendant's wrongful conduct.

106.    By reason of the foregoing, Ocoopa and Aptoo seek damages based on Defendant's unjust enrichment in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1.      For judgment in favor of Plaintiffs against Defendants on all claims.

2.      Declaring that Plaintiffs' products do not infringe any valid claim of '504 Patent.

3.      Declaring that one or more claims of '504 Patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112, and/or unenforceable due to inequitable conduct.

4.      Awarding Plaintiffs their reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285.

5.      Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiffs' attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

6.      Order by this Court that Defendant must immediately revoke any complaints of infringement of the '504 Patent made to Amazon.com with respect to Plaintiffs.

7.      Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '504 Patent against Plaintiffs and Plaintiffs' products.

8.      Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney.

9.      Awarding to Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

10.     Awarding to Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

11.     Awarding to Plaintiffs exemplary, punitive, statutory, and enhanced damages.

12.     Awarding pre- and post- judgment interest.

13.     Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Plaintiffs hereby demand a jury trial on all issues so triable.


Dated this 3rd day of March, 2022.

PAGE **22** OF **23**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Dale Jensen, PLC
By: /s/Dale Jensen
Dale R. Jensen (VSB 71109)
Dale Jensen, PLC
606 Bull Run
Staunton, VA  24401
(434) 249-3874
(866) 372-0348 facsimile
djensen@dalejensenlaw.com
Attorneys for Plaintiffs